UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>ARTHUR MACHINERY, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 09-11787<br><br>Hon. Carol A. Doyle<br><br>Hearing Date: November 30, 2010<br>Hearing Time: 10:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on **November 30, 2010 at 10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Carol A. Doyle, Bankruptcy Judge, in the room usually occupied by her as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, Room 742, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Fourth and Final Fee Application of High Ridge Partners, Inc. as Financial Advisor to the Debtor for Allowance of Compensation and Reimbursement of Expenses, Limited Notice Thereof and Related Relief**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Steven B. Towbin
> John Guzzardo
> Shaw Gussis Fishman Glantz
>   Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151

## CERTIFICATE OF SERVICE

John Guzzardo certifies that she caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service list in the manner so indicated on this 8th day of November, 2010.

> /s/ John Guzzardo

{6964 APPL A0275947.DOC}        1

**Electronic Mail Service List**

- Howard L. Adelman   hla@ag-ltd.com
- Janice A Alwin   janice.alwin@bfkn.com
- Terence G Banich   tbanich@shawgussis.com, mcarter@shawgussis.com
- Ira Bodenstein   ibodenstein@shawgussis.com
- Jeffrey Chang   jchang@wildman.com
- Dennis A Dressler   ddressler@dresslerpeters.com
- Kevin C. Driscoll   kevin.driscoll@btlaw.com, kmatsoukas@btlaw.com
- Andrew B Fuller   andrewfuller934@hotmail.com
- Elizabeth M Groncki   bgroncki@howardhardyman.com
- John W Guzzardo   jguzzardo@shawgussis.com
- Stephanie Hor   shor@vedderprice.com, ecf_docket@vedderprice.com;jwilson@vedderprice.com
- Christina K Judd   ckjlaw@mchsi.com
- David A. Kallick   dkallick@tishlerandwald.com
- William T Neary   USTPRegion11.ES.ECF@usdoj.gov
- Mary E Olson   molson@wildman.com
- Patricia E. Rademacher   prademacher@costonlaw.com, jrojas@costonlaw.com;vivers@costonlaw.com;amuchoney@costonlaw.com
- Mark L Radtke   mradtke@shawgussis.com, bharrington@shawgussis.com
- Nathan Q. Rugg   nqr@ag-ltd.com
- Marylynne K Schwartz   mschwartz@shawgussis.com, bharrington@shawgussis.com
- Steven B Towbin   stowbin@shawgussis.com
- Jonathan W. Young   young@wildman.com, srodriguez@wildman.com;ecf-filings@wildman.com

**Manual Service List**

The following parties have been served via prepaid, first-class U.S. Mail:

CNC Associates, Inc
c/o SPENCER & MULALLY
14146 Magnolia Blvd., Suite 200
Sherman Oaks, CA 91423

Simon Kimmelman
Sills Cummis and Gross P.C.
650 College Road East
Princeton, NJ 08540

Wildman Harrold Allen & Dixon
225 W Wacker Dr
Chicago, IL 60606

{6964 APPL A0275947.DOC}   2

Chad Arthur
555 Ruskin Drive
Elk Grove Village, Illinois 60007

Robert Arthur
3203 Bayshore Boulevard, #1502
Tampa, FL 33629

Richard X. Fisher
The Fisher Law Firm
7 Butera Lane
South Barrington, Illinois 60010

Scott R. Clar
135 South La Salle Street
Chicago, Illinois 60603

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>ARTHUR MACHINERY, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 09-11787<br><br>Hon. Carol A. Doyle<br><br>Hearing Date: November 30, 2010<br>Hearing Time: 10:30 a.m. |

**FOURTH AND FINAL FEE APPLICATION OF HIGH RIDGE PARTNERS, INC.
AS FINANCIAL ADVISOR TO THE DEBTOR
FOR ALLOWANCE OF COMPENSATION SHORTENED AND LIMITED NOTICE
THEREOF AND RELATED RELIEF**

Arthur Machinery, Inc. (the "Debtor"), on behalf of High Ridge Partners, Inc. ("HRP"), applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $20,000 in compensation for approximately 109 hours of professional services rendered by HRP as financial advisor to the Debtor for the period beginning January 1, 2010 through and including October 31, 2010 (the "Final Allowance Period"); (ii) final approval of interim compensation and expense reimbursements previously applied for and awarded by this Court on an interim basis for the period April 2, 2009 through December 31, 2009 (the "Interim Allowance Period"); and (iii) a determination that the notice provided is adequate and that further notice of the hearing on this application ("Application") be waived. In support of this Application, the Debtor states as follows:

## BACKGROUND

1. The Debtor operated as a commercial dealer of new and used specialized manufacturing machinery and tooling. Starting in 2008, the Debtor began to experience increasing cash flow constraints. Industry trends, including a decline in the manufacturing industries and higher operating costs, substantially contributed to the Debtor's financial difficulties. Due to these and other conditions, the Debtor's financial strength deteriorated, its operating flexibility eroded accordingly, and on April 2, 2009 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. Although the Debtor explored other restructuring and financing plans, it ultimately decided to sell its assets through a chapter 11 liquidation. The Debtor believed that the chapter 11 process provided the most efficient platform to maximize the value of its assets through competitive bidding procedures, the relief available under 11 U.S.C. § 365, and the protection that buyers are afforded under 11 U.S.C. § 363.

3. On April 15, 2009, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

4. For reasons set forth in the Debtor's Motion to Approve Compromise with American Chartered Bank ("ACB") and the Committee, filed October 18, 2010 [Dkt. No. 416] (the "ACB Settlement Approval Motion"), and the motion to dismiss filed concurrently with this Application, the Debtor anticipates the dismissal of this chapter 11 case.

5. This Court has core jurisdiction to hear and resolve this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF HRP

6.     Shortly after the Petition Date, the Debtor applied to this Court for an order approving the retention of HRP as the Debtor's financial advisor. [Dkt. No. 16]. On April 23, 2009, this Court entered an order authorizing the Debtor to retain HRP as its financial advisor. [Dkt. No. 42].

## SUMMARY AND DESCRIPTION OF HRP'S PRINCIPAL ACTIVITIES

7.     Throughout the Final Allowance Period, HRP rendered 109.1 hours of professional services to the Debtor having an aggregate value in excess of $32,000 for an average hourly rate of $295. All of the services for which compensation is requested were services that, in HRP's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

8.     In September of 2010, HRP agreed with the Debtor that HRP fees for the remainder of this bankruptcy case would be capped at $20,000. This Application reflects that agreement.

9.     Greg Apathy performed all of the services for which compensation is sought at a rate of $295 per hour.

10.    In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of HRP's services during the Final Allowance Period, and in compliance with Local Bankruptcy Rule 5082-1, HRP has classified its services into nine separate categories as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---:|---:|
| Attendance at Court Hearings/Review Pleadings | 2.2 | $649.00 |
| Accounting/Auditing | 35.6 | $10,502.00 |

| | | |
|---|---|---|
| Business Analysis | 17.7 | $5,221.50 |
| Monthly Bankruptcy. Reports/Semi-Annual Reports | 19.6 | $5,782.00 |
| Preference Analysis | 20.4 | $6,018.00 |
| Managing Business Operations | 11.8 | $3,481.00 |
| Fee Application / Client Billing | 1.8 | $531.00 |
| **TOTAL** | **109.1** | **$32,184** |

11.    Detailed invoices (the "Invoices") for each time category are attached as Exhibit A to this Application. The Invoices provide detailed descriptions of all services rendered in each of the above categories as well as the date and amount of time expended for each service. The following is a separate description of each of HRP's principal categories of activities, which generally describe the tasks performed.[1]

A.    **Accounting/Auditing**

12.    HRP expended 35.6 hours of professional services having a value of $10,502.00 in services pertaining to accounting and auditing services, including, among other things: (a) performing general accounting tasks and auditing of the Debtor's financials including its: (i) consolidated cash flow statements; (ii) cash activity spreadsheets relating to the post-petition period; (iii) accounts receivable ledgers; (iv) payroll; (v) weekly cash disbursements; and (vi) bank account activity; (vii) updating and maintaining the Debtor's books and records; and (b) discussions and coordination with American Chartered Bank ("ACB") for the turnover of property held by the Debtor for ACB's benefit.

---

[1] The narrative is provided for all categories of services for which at least $1,000 in compensation is requested. Exhibit A contains a detailed description of all services, by category, regardless of the amount requested.

**B.     Business Analysis**

13.     HRP expended 17.7 hours of professional services having a value of $5,221.50 in services pertaining to business analysis, including, among other things: (a) creating and revising numerous budgets for the post-petition period; (b) comparing the budget with actual expenses; and (c) preparing reports for ACB detailing the status of accounts receivables, preference actions, and amounts held in escrow.

**C.     Monthly Bankruptcy Reports and Semi-Annual Reports**

14.     HRP expended 19.6 hours of professional services having a value of $5,782.00 in services pertaining to the Debtor's monthly operating reports, including, among other things drafting and timely submitting monthly operating reports and other reports of the Debtor's for this Court, the U.S. Trustee and other parties in interest.

**D.     Preference Analysis**

15.     HRP expended 20.4 hours of professional services having a value of $6,018,00 in services pertaining to the various preference actions including, among other things, (a) reviewing preference settlements; (b) comparing schedules provided by preference defendants with Debtor's records and preparing reports detailing the discrepancies; and (c) assisting with preference action discovery requests and responses, including document collection.

**E.     Managing Business Operations**

16.     HRP expended 11.8 hours of professional services having a value of $3,481.00 in services pertaining to the management of the Debtor's business operations including, among other things: (a) assisting the Debtor with its business operations; (b) reviewing and approving expenses; (c) communicating with third-parties about the Debtor's bankruptcy case; (d) communicating with the Debtor's employees about the impact of the Debtor's bankruptcy case

on their employment and wages; and (e) assisting the Debtor with the collection of its account receivables.

## RESULTS DURING THE FINAL ALLOWANCE PERIOD

17. During the Final Allowance Period, HRP assisted the Debtor with: (a) settling various preference actions; (b) the timely completion and filing of DIP operating reports; (c) completing and submitting approved DIP operating budgets; and (d) collecting accounts receivables.

18. The issues presented in the Debtor's case have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, HRP respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

19. The hourly rates charged by HRP with respect to the financial advisory services compare favorably with the rates charged by other Chicago metropolitan firms having professionals with similar experience and expertise as the HRP professionals. Further, the amount of time spent by HRP with respect to the Debtor's case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

## PAYMENTS RECEIVED BY HRP TO DATE

20. On July 29, 2009, the Court entered an order approving HRP's First Interim Application and allowing HRP a total of $94,548.28 for fees and expenses incurred thereunder. [Dkt. No. 165]. Twenty-five thousand dollars ($25,000) of this amount was paid from a $50,000 retainer (the "Retainer") the Debtor paid HRP prior to the Petition Date, and the remainder was paid in full by the Debtor.

21. On October 29, 2009, the Court entered an order approving HRP's Second Interim Application and allowing HRP a total of $76,772.04 for fees and expenses incurred thereunder. [Dkt. No. 257] (the "Second Fee Application"). The source of payment for the allowed fees of the Second Fee Application was American Chartered Bank's cash collateral, including the proceeds from inventory sales and the collection of accounts receivable.

22. On February 11, 2010, the Court entered an order approving HRP's Third Interim Application and allowing HRP a total of $37,391.82 for fees and expenses incurred thereunder. [Dkt. No. 311] (the "Third Fee Application"). Half of the fees and expenses allowed from the Third Fee Application were paid from American Chartered Bank's cash collateral. The other half were paid from unencumbered funds of the Debtor's estate. The Debtor has paid this amount in full.

23. To date, HRP has received $208,712.14 in payment from the Debtors in connection with HRP's services and reimbursement for expenses in this bankruptcy case during the Interim Allowance Period (the "Previously Allowed Fees and Expenses"). No objections have ever been filed to any of the Previously Allowed Fees and Expenses.

### SOURCE OF FUNDS TO PAY HRP'S FEES AND EXPENSES

24. The fees and expenses allowed for the Final Allowance Period will be paid from unencumbered funds of the Debtor's estate. Previously Allowed Fees and Expenses have been paid pursuant to various post-petition financing orders entered by this Court.

### COMPLIANCE WITH 11 U.S.C. § 504

25. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between HRP and any other firm, person or entity for the sharing or division of any compensation paid or payable to HRP.

### NOTICE

26. Notice of this Application has been provided to the Debtor, the Office of the United States Trustee, American Chartered Bank, and other parties in interest entitled to notice thereof. Based on the extent of notice already provided, the interim nature of the relief requested and the costs and burdens of transmitting notice to all of the Debtor's creditors, the Debtor respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Debtor requests the entry of an order, substantially in the form attached hereto, that:

    a) Allows HRP $20,000.00 in compensation for the Final Allowance Period.

    b) Authorizes the Debtor to pay HRP $20,000.

    c) Approves on a final basis all Previously Allowed Fees and Expenses awarded by this Court during the Interim Allowance Period.

    d) Waives other and further notice of the hearing with respect to this Application.

e) Provides HRP with such additional relief as may be appropriate and just under the circumstances.

        Respectfully submitted,

        ARTHUR MACHINERY, INC.

Dated: November 8, 2010        By:   /s/ John Guzzardo

        Steven B. Towbin
        Ira Bodenstein
        John Guzzardo
        Shaw Gussis Fishman Glantz
        Wolfson & Towbin LLC
        321 North Clark Street, Suite 800
        Chicago, IL 60654
        Tel: (312) 541-0151
        Fax: (312) 980-3888
        email: jguzzardo@shawgussis.com

*Counsel for the Debtor*